UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

COURTNEY PARKER,

Plaintiff,

v.                                                          CAUSE NO. 3:24-CV-978-GSL-AZ

SHERRI FRITTER, et al.,

Defendants.

OPINION AND ORDER

Courtney Parker, a prisoner without a lawyer, filed an amended complaint

against Sherri Fritter, Nurse Hope, and Centurion Health. ECF 18. "A document filed

*pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner

complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief.

Parker's amended complaint alleges essentially the same facts as his earlier

complaint, although he has provided some additional details. *See* ECF 1. He alleges that,

while incarcerated at Indiana State Prison, he was placed under key-lock. During that

time, he did not receive two medications: hydrochlorothiazide and Cymbalta.

On July 29, 2024, an officer notified Sherri Fritter that Parker had not received his Cymbalta for two weeks and he had not received hydrochlorothiazide for approximately two months. The officer told Fritter that Parker was ill and experiencing the following symptoms from not having his medications: "brain zaps, numbness, nausea, vomiting, anxiety, loss of sleep, panic attacks, as well as being irritable." ECF 18 at 2. Nurse Fritter indicated she would look into it. Parker was not providing with his medications and was instead, at some unspecified time in the future, prescribed Propranolol for anxiety.

Parker further alleges that, on some unspecified date, he saw Nurse Hope who arrived at his cell to deliver a dose of Cymbalta. He described his symptoms to her. She allegedly acknowledged that she had a duty to prepare medication trays for incarcerated individuals on key-lock. She apologized and told Parker that his hydrochlorothiazide had not yet been refilled but she would provide it once it was refilled. It is unclear how much time passed between his encounter with Nurse Hope and his transfer, but he did not see Nurse Hope again before he was transferred.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious

2

risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v.*

*Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22

F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent

evidence of "callous disregard" for inmate wellbeing).

For a medical professional to be held liable for deliberate indifference to an

inmate's medical needs, she must make a decision that represents "such a substantial

departure from accepted professional judgment, practice, or standards, as to

demonstrate that the person responsible actually did not base the decision on such a

judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). As the Seventh Circuit has

explained:

> [M]edical professionals are not required to provide proper medical treatment to
> prisoners, but rather they must provide medical treatment that reflects
> professional judgment, practice, or standards. There is not one proper way to
> practice medicine in a prison, but rather a range of acceptable courses based on
> prevailing standards in the field. A medical professional's treatment decisions
> will be accorded deference unless no minimally competent professional would
> have so responded under those circumstances.

*Id.* at 697-698.

Here, while the amended complaint adds some additional details, it still does not

contain facts from which it can be plausibly inferred that either Sherri Fritter or Nurse

Hope were deliberately indifferent to Parker's medical needs. At best, the allegations

suggest negligence, and negligence generally states no claim upon which relief can be

granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy

and wantonness rather than inadvertence or mere negligence characterize conduct

prohibited by the Eighth Amendment."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)

(Negligence or medical malpractice do not constitute deliberate indifference).

Parker has also named Centurion Health as a defendant. The court has already explained to Parker that a private company performing a public function can be held liable if its own policies caused an alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Parker alleges that Centurion Health violated his Eighth Amendment rights by failing to have a policy requiring prisoners to be examined and evaluated 48 hours after being placed on key-lock and 72 hours after being deprived of mediation. He has not alleged facts from which it can be plausibly inferred that Centurion Health had a policy of depriving inmates of medication on key-lock. Nor has he alleged that Centurion Health had any other policy that led to a violation of his constitutional rights. Indeed, he has not alleged facts from which it can be plausibly inferred that any of his rights were violated. Therefore, he may not proceed against Centurion Health.

This amended complaint does not state a claim for which relief can be granted. Parker has already had one opportunity to amend his complaint, and the amended complaint does not address the deficiencies pointed out in the court's order. Nonetheless, if Parker believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United*

*States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Courtney Parker until **June 16, 2025**, to file an amended complaint; and

(2) CAUTIONS Courtney Parker if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 14, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT