UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

COURTNEY PARKER,

    Plaintiff,

    v.                                      CAUSE NO. 3:24-CV-978-GSL-AZ

SHERRI FRITTER, et al.,

    Defendants.

OPINION AND ORDER

Courtney Parker, a prisoner without a lawyer, filed a second amended complaint against Sherri Fritter and Nurse Hope. ECF 20. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Parker's second amended complaint describes the same events as his earlier amended complaint, although he has provided additional details. *See* ECF 1; ECF 18. He alleges that, while incarcerated at Indiana State Prison, he was on key-lock. He does not explain what key-lock is or why he was on key-lock, but the second amended complaint suggests that he was on key-lock voluntarily and that it may have been because he believed he was in danger. On May 24, 2024, around 3:10 p.m., Nurse Hope came to his

cell door. She allegedly told Parker that she had deliberately withheld his Cymbalta, which had been prescribed for him, because Nurse Hope and the Sergeant believed that he would be motivated to remove himself from key-lock if he did not get his medication. She admitted that it was her responsibly to fill medication trays for individuals on key-lock in general population. Parker told Nurse Hope that he had been experiencing side-effects from not receiving his mediation; namely, "brain zaps," nausea, sleep issues, anxiety, and vomiting. Even after learning this, Nurse Hope allegedly continued to withhold Parker's Cymbalta to try to force him off key-lock. Parker believes that Nurse Hope wanted him off key-lock because she did not want to come to his cell to deliver his medication and because she believed taking medication to his cell placed her in danger. If Parker had not been on key-lock, he would have walked to the medication window to get his medication like everyone else.

Parker further alleges that Nurse Hope deliberately failed to request a refill of hydrochlorothiazide even though she knew Parker was out of the medication. This allegedly caused his anxiety to worsen and resulted in him taking a new medication for anxiety called Propranolol.

On July 29, 2024, an officer notified Health Services Administrator Sherri Fritter that Parker had not received any of his medications because the hydrochlorothiazide had not been refilled, and Nurse Hope had not been delivering Parker's Cymbalta after their exchange on May 24, 2024. The officer allegedly told HSA Fritter that Parker was experiencing nausea, anxiety, irritability, vomiting, "brain zaps" and trouble sleeping.

HSA Fritter said she would look into it. Parker indicates she had the authority to provide emergency medication or a substitute, but she did not. Instead, at some unspecified time in the future, Parker was prescribed Propranolol for anxiety.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). As the Seventh Circuit has explained:

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on

3

> prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Id.* at 697-698.

The second amended complaint alleges that Nurse Hope deliberately chose not to deliver medication that she knew had been prescribed for Parker, even after learning that he was experiencing symptoms he believed were linked to not taking the medication. She allegedly made this decision not for any medical reason but because she did not want to deliver the medication to Parker while he was on key-lock and she believed that he would remove himself from key-lock if he did not receive his medication. Giving Parker the inferences to which he is entitled at this stage of the case, Parker may proceed against Nurse Hope on an Eighth Amendment claim for being deliberately indifferent to his serious medical needs.

However, the second amended complaint does not allege facts from which it can be plausibly inferred that HSA Fritter was deliberately indifferent to Parker's needs. It alleges only that HSA Fritter was alerted to a problem and indicated she would investigate. While Parker feels she should have taken immediate action to see that he received his medication, there are no facts included in the second amended complaint that suggest that she deliberately indifferent to his needs. At most, Parker's allegations suggest she may have been negligent. As the court has already explained to Parker, negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the

4

Eighth Amendment."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference).

For these reasons, the court:

(1) GRANTS Courtney Parker leave to proceed against Nurse Hope in her individual capacity for compensatory and punitive damages for deliberate indifference to Parker's medical needs by deliberately withholding prescribed medications to force Parker to withdraw from key-lock status, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sherri Fritter;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Hope at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 20);

(5) ORDERS Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Hope to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 29, 2025

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT